## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SHURAY DeWAYNE WELLS (#233547)**          **CIVIL ACTION NO.**

**VERSUS**                                                                     **21-435-JWD-SDJ**

**TRUDY WHITE**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 1, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SHURAY DeWAYNE WELLS (#233547)**　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　**21-435-JWD-SDJ**

**TRUDY WHITE**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action was transferred to this Court from the Western District of Louisiana on or about July 28, 2021.[1] Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that this action be dismissed for failure to state a claim and as legally frivolous and that jurisdiction over any potential state law claims be denied.

### I.　Background

Plaintiff Shuray DeWayne Wells instituted this action pursuant to 42 U.S.C. § 1983 against a sole Defendant, Judge Trudy White, alleging Judge White violated his constitutional rights by "refusing to consider the time and lack of counsel between the preliminary and the actual trial" and by failing to provide a speedy trial.[2] Wells seeks injunctive relief.[3]

### II.　Law & Analysis

#### a.　Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or

---

[1] R. Doc. 8.
[2] R. Doc. 1, pp. 3-4.
[3] R. Doc. 1, p. 4.

claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim is also

---

[4] §1915(e) provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides a procedural mechanism for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Wells was granted permission to proceed *in forma pauperis* on July 23, 2021 (R. Doc. 6), so both statutes apply.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.*
[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *Denton*, 504 U.S. at 33, (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

2

subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

### b. Judge White is Entitled to Absolute Judicial Immunity

Wells complains that Judge White has delayed Plaintiff's trial to accommodate her schedule, that she did not consider the "lack of counsel between the preliminary and the actual trial," and that she denied Plaintiff's request for a jury trial.[13] "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages."[14] "Judicial immunity is not overcome by allegations of bad faith or malice and applies even when the judge is accused of acting maliciously and corruptly."[15] Judicial immunity extends to all judicial acts that are not performed in the clear absence of all jurisdiction.[16] As the Fifth Circuit has summarized:

> [J]udicial immunity can be overcome in two sets of circumstances: (1) a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity; and (2) a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.[17]

To determine whether a judge acted outside of the scope of his or her judicial capacity, the following factors must be considered:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.[18]

---

[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[13] R. Doc. 1, pp. 3-4. It appears that the complaint regarding lack of counsel is, in essence, a complaint that the court was delayed in appointing counsel to represent Wells. Wells does not state what the lack of counsel during this timeframe was not considered in conjunction with.
[14] *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).
[15] *Id.* (internal quotation marks, emphasis, and citations omitted).
[16] *Kemp ex rel. Kemp v. Perkins*, 324 Fed.Appx. 409, 411 (5th Cir. 2009) (citing *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)).
[17] *Ballard*, 413 F.3d at 515 (internal quotations omitted).
[18] *Id.*, at 515 (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993)) (citation omitted).

These factors are broadly construed in favor of immunity.[19] In examining the facts complained of herein with the above factors, it is clear that the actions complained of were performed in Judge White's judicial capacity: (1) setting trial dates, considering motions seeking a jury rather than a bench trial, and appointing counsel are normal judicial functions; (2) there is no indication that any actions occurred outside of the setting of the courtroom or the judge's chambers; (3) the controversy squarely arose from Plaintiff's criminal case that was, apparently, pending before Judge White; and (4) all actions appear to have arisen from visits and communication with the judge in her official capacity.[20] Accordingly, the actions were taken in Judge White's judicial capacity.

Wells also does not suggest that Judge White lacked subject matter jurisdiction to handle his criminal matter, and, generally, state district court judges *do* have subject matter jurisdiction over criminal matters.[21] Rather, it appears that Wells is simply dissatisfied with the pace at which his state court criminal trial has progressed and the delay in appointing trial counsel. Thus, Judge White is entitled to absolute judicial immunity, and the Court should dismiss Plaintiff's claims against her.[22]

### c. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Wells seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district

---

[19] *Id.*
[20] R. Doc. 1, p. 3.
[21] See La. Const. art. V, § 16 ("[A] district court shall have original jurisdiction of all civil and criminal matters.").
[22] The Court also notes that the relief sought is inappropriate and not cognizable in a § 1983 action, as it seeks federal court intervention in ongoing state criminal proceedings. *Kennedy v. Bexar County, Texas*, No.16-262, 2016 WL 1715200, at *4 (W.D. Tex. April 27, 2016) (dismissing as frivolous claim for termination of state criminal charges).

4

court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[23] Having recommended that Plaintiff's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

**IT IS RECOMMENDED** that the claims of Shuray DeWayne Wells against Trudy White be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[24]

Signed in Baton Rouge, Louisiana, on June 1, 2022.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] 28 U.S.C. § 1367.

[24] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." If this Report and Recommendation is adopted, the Ruling will constitute a strike.